IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**BILLY WILLIAMS (# 119143),**      **PETITIONER**

**v.**      **No. 3:08CV69-M-A**

**WARDEN LEPHER JENKINS, ET AL.**      **RESPONDENTS**

**ORDER *DENYING* PETITIONER'S MOTION [10]
FOR JUDGMENT ON THE PLEADINGS, *GRANTING*
STATE'S MOTION [5] TO EXTEND THE DEADLINE TO ANSWER
*GRANTING* PETITIONER'S MOTION [8] FOR TIME TO RESPOND
TO THE STATE'S MOTION**

This matter comes before the court on the petitioner's motion [10] for judgment on the pleadings. The state has responded to the motion, and the matter is ripe for resolution. Such a motion is governed by Rule 12 (c) of the Federal Rules of Civil Procedure, which states, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A motion for judgment on the pleadings serves a similar function to a Rule 12(b)(6) motion to dismiss. The allegations set forth by the non-moving party are taken as true, and the motion should not be granted unless it appears beyond doubt that the non-movant will be unable to prove any set of facts in support of its claim. *Bridges ex rel. Bridges v. Park Place Entertainment*, 860 So. 2d 811, 813 (Miss. 2003). Both motions for judgment on the pleadings and motions to dismiss are viewed with disfavor and are rarely granted. *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). Rule 12 (c) is designed to dispose of cases where material facts are not in dispute and judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. *Hebert Abstract Co., Inc. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990).

Judgment on the pleadings is appropriate only if material facts are not in dispute and questions of law are all that remain. *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir.), *cert. denied*, 119 S.Ct. 591 (1998). In ruling on such a motion, a court cannot look beyond the pleadings (which include the petition and any documents attached to it). *See Collins v. Morgan Stanley Dean Whitter*, 224 F.3d 496, 498-99 (5th Cir. 2000). If matters outside the pleadings are presented to the court for consideration, or issues of fact are in dispute, the matter is treated as a motion for summary judgment. *See* FED. R. CIV. P. 12 (d).

In the present case, the petitioner's Motion for Judgment on the Pleadings presents issues of disputed fact in that petitioner argues that he is entitled to relief on the claims raised in his *habeas corpus* petition. Indeed, the issues raised in Williams' pleading dispute the facts and circumstances surrounding his etitioner's indictment, trial, and conviction – all of which require review of matters outside the pleadings.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue

for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

The party seeking summary judgment bears the burden of proving there exist no material facts – and that as a matter of law he is entitled to summary judgment. The petitioner's motion itself raises material issues of fact, and thus precludes a finding of summary judgment under Rule

56, the petitioner fails to meet this burden, and his motion for judgment on the pleadings is hereby **DENIED.**

## Other Pending Motions

In addition, the state has moved [5] for time to answer and has since answered. Similarly, the petitioner has moved [8] for time to reply in support of his petition and has replied. The court hereby accepts both the state's answer and the petitioner's reply; as such, the pending motions [5], [8] for time are hereby **GRANTED**.

**SO ORDERED,** this the 12th day of May, 2009.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**