**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**BILLY WILLIAMS (# 119143),**                                                    **PETITIONER**

**v.**                                                                              **No. 3:08CV69-M-A**

**WARDEN LEPHER JENKINS, ET AL.**                                          **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Billy Williams for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has answered the petition, and Williams has filed a traverse. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be denied.

**Facts and Procedural Posture**

Petitioner Billy Williams is in the custody of the Mississippi Department of Corrections and currently housed at the Marshall County Correctional Facility at Holly Springs, Mississippi. Williams was convicted in the Circuit Court of Benton County, Mississippi, for the sale of a controlled substance and sentenced to serve a term of twenty-five years, with twenty years to serve and five years suspended, said sentence to be served in the custody of the Mississippi Department of Corrections. *See* State Court Record, Vol. 1, p. 18.[1]

Williams appealed his conviction and sentence to the Mississippi Supreme Court, assigning as error the following (as stated by appellate counsel):

A. Whether the verdict was against the overwhelming weight of the evidence.

---

[1]Citations to the state court record are referenced as S.C.R., and the appropriate volume number and page number or numbers.

On August 28, 2007, the Mississippi Court of Appeals affirmed Williams' conviction and sentence. *Williams v. State,* 963 So. 2d 1262 (Miss. App. 2007) (Cause No. 2006-KA-00781-COA).

Williams, proceeding *pro se*, then filed an "Application for Leave to File Motion for Post-Conviction Collateral Relief" in the Mississippi Supreme Court, in which he raised the following claims for the court's consideration (as stated by petitioner in his "Statement of Issues" contained in his "Motion for Post-Conviction Relief"):

A. Williams raised his fundamental Federal and State Constitutional Right not to be tried for a felony charge without being properly indicted and noticed of the charge.

B. Williams states that the Mississippi Supreme Court has held, "in order to be sufficient, the indictment must contain the essential elements of the offense with which the accused is charged, thereby, whether this indictment was fatally defective is an issue of law and deserves a relatively broad standard of review.

C. Williams states that his counsel was ineffective for failing to raise or file a motion to dismiss his original indictment because of the omission in the original indictment of an essential element of the crime of sale of cocaine.

D. Williams states that the trial court committed plain error by allowing and proceeding with a trial on the merits where Williams had not been properly indicted by the grand jury. The indictment filed against Williams failed to set out the name of the confidential informant and Williams was never apprised of the name of the confidential informant. . . . The court had no jurisdiction in this case without an indictment which would name the confidential informant or an order allowing the indictment to be amended.

E. Williams states that, under the language of the initial indictment, which stated no name of any person the alleged drugs were sold to, he is actually innocence [sic] of the crimes of sale of cocaine, as per original indicted . . . .

On February 20, 2008, the Mississippi Supreme Court denied Williams' application, finding it to be without merit. (Cause No. 2007-M-02284).

Williams' filed his federal petition for a writ of *habeas corpus* in this court raising the following claims for relief (as stated by the petitioner and from excerpts from his argument):

**Ground One** - Denial of due process of law, in violation of the 5th and 14th Amendments to the United States Constitution. Petitioner has right not to be tried without being properly indicted and noticed of the charge.

**Ground Two** - Denial of due process of law, in violation of the 5th and 14th Amendments to the United States Constitution. Counsel was ineffective for failing to raise or file a motion to dismiss Petitioner's original indictment which was faulty.

**Ground Three** - Denial of due process of law, in violation of the 5th and 14th Amendments to the United States Constitution. Petitioner avers that the trial court committed plain error by allowing and proceeding with a trial when petitioner had not been properly indicted. Williams states that his counsel was ineffective for failing to raise or file a motion to dismiss his original indictment because of the omission in the original indictment of an essential element of the crime of sale of cocaine.

**Ground Four** - Denial of due process of law, in violation of the 5th and 14th Amendments to the United States Constitution. Petitioner avers the language of the initial indictment set forth no name of the informant and was therefore lacking in providing information of the charge.

**Ground Five** - Denial of due process of law, in violation of the 5th and 14th Amendments to the United States Constitution. The cumulative effect of the denial of due process in sentencing deprived petitioner of a fair trial, in violation of the 5th and 14th Amendments to the United States Constitution. Williams states that, under the language of the initial indictment filed against him, which stated no name of any person the alleged drugs were sold to, he is actually innocence [sic] of the crimes of sale of cocaine, as per original indicted . . . .

### Grounds 1, 3, and 4: Defective Indictment

In Grounds 1, 3 and 4, Williams claims that the indictment under which he was charged was fatally defective. Williams argues that the indictment was insufficient because it failed to set forth the name of the confidential informant to whom Williams sold drugs. Williams argues that the indictment, on its face, failed to give him proper notice of the charge against him. He then

argues that these alleged defects in the indictment deprived the trial court of jurisdiction to decide the charges against him.

The sufficiency of a state indictment is not a matter for federal *habeas corpus* review unless the petitioner can show that the indictment was so defective that the convicting court had no jurisdiction to decide the case. *Riley v. Cockrell,* 339 F.3d 308, 313-14 (5th Cir. 2003); *McKay v. Collins,* 12 F.3d 66, 68 (5th Cir. 1994) (*citing Branch v. Estelle,* 631 F.2d 1229 (5th Cir. 1980)); *Williams v. Collins,* 16 F.3d 626, 637 (5th Cir. 1994) (citing *Yohey v. Collins,* 985 F.2d 222, 229 (5th Cir.1993). "State law dictates whether a state indictment is sufficient to confer a court with jurisdiction." *Williams,* 16 F.3d at 637; *see also McKay,* 12 F.3d at 68 (If the state court has held that an indictment is sufficient under state law, "a federal court need not address that issue").

Rule 7.06 of the Uniform Circuit and County Court Rules sets forth the required elements of an indictment:

> The indictment upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation. Formal and technical words are not necessary in an indictment, if the offense can be substantially described without them an indictment shall also include the following:
>
> 1. The name of the accused;
>
> 2. The date on which the indictment was filed in court;
>
> 3. A statement that the prosecution is brought in the name and by the authority of the State of Mississippi;
>
> 4. The county and judicial district in which the indictment is brought;
>
> 5. The date and, if applicable, the time at which the offense was alleged to have been committed. Failure to state the correct date shall not render the indictment insufficient;

6.      The signature of the foreman of the grand jury issuing it; and

7.      The words "against the peace and dignity of the state."

The court on motion of the defendant may strike from the indictment any
surplusage, including unnecessary allegations or aliases.

 The indictment charging Williams met the requirements of Rule 7.06.  *See* S.C.R., Vol. 1, p. 1.

The indictment contained the required information, as well as setting forth the elements of the

crime and the facts constituting the offense, stating that Williams, on or about the 17th day of

March, 2005, in Benton County, Mississippi, did:

> unlawfully, willfully, feloniously, knowingly and intentionally, without authority
> of law, sell and/or transfer a certain controlled substance, to wit: cocaine, which is
> a Schedule II controlled substance as provided for by Section 41-29-115(A)(a)(4)
> of the Mississippi Code of 1972, Annotated, as amended, to a confidential
> informant and did receive from the said confidential informant the sum of One
> Hundred Twenty Dollars ($120.00) in good a lawful money of the United States
> of America for the said controlled substance, in violation of the provisions of
> Section 41-29-139(a) of the Mississippi Code of 1972, Annotated, as amended . . .

Williams received proper notice of the charges against him.  Indeed, "it is not necessary for the

indictment to mention the purchaser of the drugs when the defendant is charged with the sale of

drugs."  *Jones v. State,* 912 So. 2d 973, 978 (Miss. 2005) (citations omitted).

        In addition, prior to trial, the defense was provided the name of the confidential informant

(CI) in compliance with local rules and Williams' right to due process.  *See* U.R.C.C.C.

9.04(B)(2);[2] *see also Rovario v. United States,* 353 U.S. 53, 60-61 (1957).  In fact, at the defense

_____

        [2]Rule 9.04(B)(2) states that the state is not required to disclose the name of the
confidential informant unless the confidential informant "is to be produced at a hearing or trial or
a failure to disclose his/her identity will infringe the constitutional rights of the accused or unless
the informant was or depicts himself/herself as an eyewitness to the event or events constituting
the charge against the defendant."

counsel's request, the State ran an NCIC report on the confidential informant. S.C.R., Vol. 2. p.60. Further, the State proved that Caryl Jo Brown was the confidential informant referred to in the indictment. *See, e.g., Griffin v. State,* 918 So. 2d 882, 885-886 (Miss. 2006). Caryl Jo Brown testified at trial to the details of the sale, including the fact that she acted in the capacity of a confidential informant – and that she purchased cocaine from Williams – whom she knew by sight and recognized further by the sound of his voice. *See* S.C.R., Vol. 2, pp. 111-123, 114, 142-143. The police officer involved in monitoring the sale, Officer David Murphy, further affirmed Brown's involvement as the confidential informant to whom the drugs were sold and the fact that Williams was the person who sold the cocaine to the confidential informant. S.C.R Vol. 2, pp. 71-75, 78-79, 80-81.

The state court had jurisdiction to convict and sentence Williams based on the indictment at issue. As such, this is an issue of state law – not subject to *habeas corpus* review. *Riley,* 339 F.3d at 313-14. A state's interpretation of its own laws or rules is no basis for federal *habeas corpus* relief since no constitutional question is involved. *Bronstein v. Wainwright,* 646 F.2d 1048, 1050 (5th Cir. 1981). The federal courts hold no supervisory power over state judicial proceedings, and federal *habeas corpus* relief is appropriate only when a conviction has been obtained in violation of some constitutionally protected right. *Smith v. Phillips,* 455 U.S. 209, 221 (1981).

The Mississippi Supreme Court considered these issues and determined that Williams' claims regarding his indictment were without merit. The indictment charged Williams properly under state law and did not deprive the state court of jurisdiction to decide the case. The claims for relief in Grounds 1, 3, and 4 of the instant petition will therefore be dismissed.

**Grounds 2, 3, and 5:  Decided on the Merits in State Court**

The Mississippi Supreme Court has already considered Grounds 2, 3, and 5 on the merits and decided those issues against the petitioner; hence, these claims are barred from *habeas* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added).  The first exception, subsection (d)(1), applies to questions of law.  *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000).  The second exception, subsection (d)(2), applies to questions of fact.  *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997).  Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law."  *Id.* (emphasis added).  A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially

indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Grounds 2, 3, and 5 of the petitioner's claim.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

### Grounds 2 and 3: Ineffective Assistance of Counsel

Williams argues in Ground 2 and part of Ground 3 that counsel should have objected to the indictment because it did not include the name of the confidential informant. To prove a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient – and that the deficiency caused actual prejudice to his legal position. *Strickland v. Washington*, 466 U.S. 668 (1984). Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel"

guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997).

As discussed in the previous section, Williams' indictment was not defective. As such, counsel's decision not to object to a valid indictment is an example of effective representantion. *Carter v. Johnson,* 110 F. 3d 1098, 1110-1111 (5th Cir. 1997) (where defendant found competent to stand trial, counsel not ineffective for failure to contest defendant's competency to stand trial); Therefore, Williams cannot show that he was prejudiced by counsel's failure to object. Hence, the finding by the Mississippi Supreme Court that trial counsel provided effective representation was neither contrary to nor an unreasonable application of clearly established federal law. Thus, Grounds 2 and 3 of Williams' petition for a writ of *habeas corpus* will be denied.

**Ground 5: Actual Innocence (Another Look at the Defective Indictment Claim)**

The petitioner's entire claim of "actual innocence" centers on his argument that the indictment was flawed. As such, the allegation is not a true claim of actual innocence. As discussed in detail above, Williams' indictment properly charged him with the sale of cocaine to a confidential informant. Therefore, Williams' claim in Ground 5 is without substantive merit. The state court's decision to this effect was neither contrary to nor an unreasonable application of clearly established federal law. Ground 5 of the instant petition will therefore be dismissed.

In sum, all of the claims in the instant petition for a writ of *habeas corpus* are without merit, and the petition will be denied. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 8th day of April, 2010.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**